Jennie S. PALTING, Appellee,

v.

Fred E. BORDALLO and Finton J. Phelan, Jr., Administrators-Appellants.

No. 75–3832.

United States Court of Appeals,
Ninth Circuit.

Aug. 30, 1976.

Finton J. Phelan, Jr. (argued), Agana, Guam, for appellants.

William Anderson (argued), Agana, Guam, for appellee.

## ORDER DIRECTING CO–ADMINISTRATORS TO SUPPLY COPIES OF RECORDS

Before CHAMBERS, ELY and CHOY, Circuit Judges.

Paul D. Palting, a member of the bar of Guam who died in 1970 a resident of Guam, has bequeathed a legal mess to his heirs but the proceedings in his estate are puzzling beyond our present understanding from the record before us.

The two appellants seem to have been appointed Co-Administrators pending the probate of one the wills filed with the Island (now Superior) Court of Guam. Over five years have passed since they were appointed administrators yet no inventory has been filed. It is estimated the estate exceeds a million dollars.

The Co-Administrators are members of the Guam bar. Tentatively, it looks as if they represent some of the heirs who have legal issues with other heirs, as well as acting as administrators. If so, how can they perform without a conflict of interest?

Palting left surviving eight children. They were the issue of three wives.

Somewhere along the line a petition to determine heirship was filed by the first wife, Jennie S. Palting, who asserts Palting's Mexican divorce from her in 1950 is a nullity. The Co-Administrators appeared to support the validity of the Mexican divorce. Shouldn't they be neutral instead of acting as attorneys for the situation?

The Island Court found that the Mexican divorce was valid. The appellate division of the United States District Court for the Territory of Guam found it invalid. The issue was appealed in turn in this Court. At argument, this Court noted the apparent absence of any child or any guardian for a minor as a party here. And there was obviously one minor. The second and third wives and the eight children do not seem to be represented here. Why?

We have only a limited record here. We want to know more about this situation.

Therefore, appellants are directed to file in this Court certified copies of all papers in the Palting probate to be found in the Superior Court together with the docket entries; also, a transcript of any proceedings held in the Palting estate and any proceedings to determine heirship, if any. Further, the appellants should file copies of their letters of administration, their bond or bonds, and their qualifying oaths. These

copies are to be filed at San Francisco with our Clerk on or before 21 days from the date of filing of this Order.

After receipt of the copies, this Court will determine if any of the papers are pertinent to this appeal.

It is to be noted that the Order for copies excludes copies of papers in the file of this Court.

SO ORDERED.